FEB 08 2021

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF GREENBELT, MARYLAND

CLIFTON THOMAS FOOTE, JR.    CASE NO.# 20481
     VS.                     CASE NO.# CT CAL04-14906
STATE OF MARYLAND ET, AL.,
                             DATE:

COMES NOW THE PLAINTIFF, CLIFTON THOMAS FOOTE, JR. RESPECTFULLY PETITIONS THIS HONORABLE COURT TO GRANT SAID PETITION UNDER U.S.C. 1983 FORM FOR THE FOLLOWING REASONS:

1) THAT PLAINTIFF WILL PROVE TO THIS HONORABLE COURT THAT THE PRINCE GEORGE'S COUNTY STATES ATTORNEY, DEFENSE ATTORNEY, AND THE PRINCE GEORGE'S COUNTY CIRCUIT COURT DID IN FACT VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS AS WELL AS HIS CIVIL RIGHTS BY DETAINING PLAINTIFF (15) FIFTEEN YEARS OVER HIS EXPIRATION DATE.

2) THAT THE STATE OF MARYLAND DID IN FACT FALSELY ACCUSSED PLAINTIFF OF A CRIME THEY KNEW HE DID NOT COMMITT. (WRONGFULLY CONVICTED).

3) THAT THE STATE OF MARYLAND DID IN FACT WITHHELD CRITICAL EVIDENCE SUCH AS A RAPE KIT/DNA, THAT WOULD HAVE PROVED BEYOND A REASONABLE DOUBT WHO THE PERPETRATOR WAS THAT COMMITTED THE BARBARIC ACT OF RAPE.

4) THAT HAD DEFENSE ATTORNEY CONDUCTED A PROPER

INVESTIGATION INTO THE ALLEDGED RAPE, DEFENSE ATTORNEY WOULD HAVE KNOWN THAT THE STATE ATTORNEY WITHHELD THE RAPE KIT/DNA. CRITICAL EVIDENCE THAT WOULD HAVE FREED PLAINTIFF. INSTEAD, DEFENSE ATTORNEY ELECTED TO RECOMMEND PLAINTIFF TO THE MAXIMUM SENTENCE OF LIFE IMPRISONMENT WHEN KNOWING THAT THE STATES ATTORNEY WITHHELD

5) THAT THE STATE OF MARYLAND DID WRONGFULLY CONVICT PLAINTIFF WHEN THEY KNEW OF THE WITHHELD EVIDENCE.

6) THAT THE STATE OF MARYLAND DEPARTMENT OF PUBLIC SAFETY, AS WELL AS THE PRINCE GEORGE'S COUNTY STATE ATTORNEY DID VIOLATE PLAINTIFF'S CIVIL RIGHTS BY ILLEGALLY DETAINING PLAINTIFF (15) YEARS OVER THE EXPIRATION DATE.

7) THAT COURT RECORDS WILL PROVE THAT PLAINTIFF WAS GIVEN INEFFECTIVENESS BEFORE AND DURING TRIAL BY DEFENSE ATTORNEY

8) THAT COURT RECORDS WILL ALSO INDICATE PROSECUTORS MISCONDUCT BY FABRICATING THE ALLEDGED INCIDENT. COURT RECORDS WILL ALSO REVEAL THE LACK OF INTEREST DEFENSE ATTORNEY GAVE TO PLAINTIFF CASE DATING FROM MARCH 24, 1979 TO APRIL 16, 1980 THAT ACTUALLY LED TO THE MARCH 24, 1979 CONVICTION

9) THAT THE STATE OF MARYLAND HAS TOTALLY BEEN IGNORING PLAINTIFFS ALLEGATIONS SINCE HE HAS BEEN RELEASED (SUMMER OF 2006).

10. THAT WE ARE EMBARKING ON YET ANOTHER YEAR, AND THE STATE OF MARYLAND CONTINUES TO PROLONG THIS MOCKERY OF JUSTICE.

11. THEREFORE, IN THE INTEREST OF JUSTICE, PLAINTIFF IS REQUESTING AN EVIDENTIARY HEARING IN HOPES THAT THIS MOCKERY OF JUSTICE MAY COME TO AN END, AND THAT PLAINTIFF BE COMPENSATED FOR THE WRONGFUL CONVICTION AS WELL AS FALSE IMPRISONMENT. THE STATE OF MARYLAND HOLDING PLAINTIFF (15) FIFTEEN YEARS OVER THE EXPIRATION DATE DID IN FACT VIOLATE PLAINTIFF'S CIVIL RIGHTS.

## ARGUEMENT

ON MARCH 24, 1979, PLAINTIFF WAS CHARGED WITH FIRST DEGREE RAPE AND RELATED ACCOUNTS. DETECTIVES CAROL M. LANDRUM AND BRUCE GENTILE SERVED THE ARREST WARRANT.

SERVING 13 MONTHS IN THE COUNTY DETENTION CENTER (UPPER MARLBORO). ON APRIL 16, 1980 THE JURY WAS SELECTED AND SWORN IN, OPEN STATEMENTS WERE MADE. MR. SAMUEL L. SERIO (DEFENSE ATTORNEY) REQUESTED A RECESS. SHORTLY AFTER MR. SERIO CAME BACK INTO THE COURTROOM AND STATED THAT HE RECOMMENDED PLAINTIFF TO LIFE IMPRISONMENT.

THE DISAPPOINTMENT IS THAT DEFENSE ATTORNEY, THE STATE'S ATTORNEY AS WELL AS THE PRINCE GEORGE'S COUNTY CIRCUIT COURT KNEW THAT CRITICAL EVIDENCE WAS WITHHELD SUCH AS

DNA/RAPE KIT **WAS NOT INTRODUCED** INTO EVIDENCE BY DEFENSE ATTORNEY, THE STATE'S ATTORNEY DID IN FACT VIOLATE PLAINTIFF'S CIVIL RIGHTS. THE DNA/RAPE KIT WOULD HAVE PROVED BEYOND A REASONABLE DOUBT WHO COMMITTED THE ALLEGED RAPE.

INSTEAD, DEFENSE ATTORNEY ELECTED TO RECOMMEND PLAINTIFF TO LIFE IMPRISONMENT WITHOUT FIRST INVESTIGATING THE EVIDENCE OF THE CASE. THE PRINCE GEORGE'S COUNTY CIRCUIT COURT, STATES ATTORNEY, AND DEFENSE ATTORNEY ALL KNEW THAT THE DNA/RAPE KIT WAS CRITICAL EVIDENCE AND SHOULD HAVE BEEN INTRODUCED WAS APART OF A CONSPIRACY TO HAVE PLAINTIFF CONVICTED OF A CRIME HE DID NOT COMMITT.

PLAINTIFF, FILED NUMEROUS OF PETITIONS, WRITS, ETC., WHICH ALL WERE DENIED. PLAINTIFF THEN FILED A WRIT OF ERROR CORUM NOBIS, BUT WAS LATER INFORMED BY THE HIGHER COURT THAT HE HAD TO RE-FILE FOR POSTCONVICTION RELIEF. AFTER FOLLOWING PROTOCOL THROUGH THE JUDICIAL SYSTEM ALL DOCUMENTS WERE AGAIN DENIED.

ON FEBRUARY 23, 2005 PLAINTIFF ALLEGATIONS WERE TAKEN IN CONSIDERATION, GIVING THE STATE TO RESPOND IN (10) TEN DAYS, INSTRUCTIONS WERE TIMELY RECEIVED. A MEMORANDUM OF COURT WAS ISSUED ON APRIL 4, 2005... A MOTION TO REOPEN A PETITION FOR POST CONVICTION RELIEF WAS FILED, INSTRUCTING THE PARTIES TO DIRECT ALL SUBMISSIONS TO THE COURT. THE PETITION TO REOPEN POST CONVICTION WAS RECEIVED BY THE COURT IN APRIL 2005.

The courts agreed and considered the merits of postconviction relief asserting his alleged guilty plea was not made knowingly and voluntarily and that plaintiff did not receive the benefit of that alleged plea bargain. At this time, plaintiff had already served a sentence of over (27) twenty-seven years.

A review of the trial transcript will clearly reveal that plaintiff was given inaccurate information by trial attorney, state's attorney, and the Prince George's County Circuit Court. At best the trial judge in this case gave inaccurate information that confused the issue and plaintiff considerably.

The court found merit in plaintiff request for postconviction relief on January 11, 2006. On April 19, 2006 plaintiff was immediately released from custody with the assistance of Ms. Suzanne Drouet, assistant public defender, Baltimore, Maryland.

Finally, in Judge P. Thompson's closing statement stating that she was appalled of the misconduct that plaintiff received from defense attorney, state's attorney and the Prince George's County Circuit Court.

Plaintiff has been diligently fighting this case since he was released from prison in April 19, 2006. Yet the State of Maryland refuses to acknowledge the mistakes they made, by ignoring the issues at hand.

## Conclusion

Your Honor, as a laymen of the laws that governs this state, it is imperative to acknowledge the injustice plaintiff was forced to endure. The critical mistake made by defense attorney, the Prince George's County State's Attorney, and the Prince George's County Circuit Court denied plaintiff a fair and impartial hearing.

The three parties mentioned in the above knew for a fact that plaintiff was not the perpetrator who committed the rape he was charged and sentenced for. The plaintiff tried to convience the courts for the pass 28½ years that the allegations raised against him were false. Instead, the defense attorney, the P.G. County States Attorney, and the P.G. County Circuit Court conspired together in obtaining the wrongful conviction.

The withhold of evidence denied plaintiff not only his constitutional rights, but his civil rights as well. Plaintiff has been constantly fighting for his **INNOCENT** from the time of his incarceration up until he was released August 19, 2006 and the state of Maryland is still prochastinating this situation.

The misrepresentation by defense attorney, the P.G. County States Attorney, and the P.G. County Circuit Court did obstruct justice in a degree that stole 28½ years from plaintiff's life without repercussion.

THE TRIAL TRANSCRIPT, MEMORANDUM AND ORDER IN C.T.#20,481; CASE NO.# CAL04-14906 WILL REVEAL THE MOCKERY OF JUSTICE THAT VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS AS WELL AS HIS CIVIL RIGHTS

WITH ALL DUE RESPECT YOUR HONOR, THESE MISHAPS OF JUSTICE SHOULD NEVER BE ALLOWED TO HAPPEN TO NO ONE. IT WAS TRULY A TRAVESTY THAT THIS INJUSTICE WAS ALLOWED TO MANIFEST THIS LONG WITHOUT BEING RECTIFIED

THEREFORE, PLAINTIFF IS REQUESTING AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF THIS CASE, AND THAT ALL DOCUMENTS PERTAINING TO THIS CASE BE SUBPOENA BEFORE THIS HONORABLE COURT.

PLAINTIFF WAS INFORMED THAT HE HAD TO EXHAUST STATE REMEDIES WHICH IS WHY PLAINTIFF HAS PETITION THIS HONORABLE COURT TO BE COMPENSATED FOR COMPENSATORY DAMAGES OF $350,000; PUNITIVE DAMAGES OF $350,000 FOR THE FOLLOWING

A. INEFFECTIVE ASSISTANCE OF COUNSEL
B. PROSECUTOR'S MISCONDUCT
C. MISCONDUCT BY THE P.G. COUNTY CIRCUIT COURT
D. HOLDING PLAINTIFF (15) YEARS OVER THE EXPIRATION DATE
E. FALSE IMPRISONMENT
F. WRONGFUL CONVICTION
G. MENTAL ANGUISH

I HEREBY SWEAR UNDER THE PENALTY OF PERJURY THAT ALL STATEMENTS GIVEN IN THIS PETITION ARE TRUE TO THE BEST OF MY ACKNOWLEDGE ON THIS 30TH DAY OF JANUARY 2021

RESPECTFULLY SUBMITTED:

*Clifton T. Foote*

CLIFTON T. FOOTE   APT #303
7717 RIVERDALE Rd.
NEW CARROLLTON, MARYLAND
20784

DATE: 1/30/2021